IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICK QUINN, IRENE ROBINSON, ANTWAIN MILLER, MARC KAPLAN, CHRISTOPHER BALL, DANIEL MORALES-DOYLE, and JITU BROWN, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF EDUCATION OF THE CITY OF CHICAGO, *et al.*, <br><br> Defendants. | No. 16-cv-9514 <br><br> The Honorable Elaine E. Bucklo |

**PLAINTIFFS' MOTION FOR CLARIFICATION OF THE COURT'S ORDER**

NOW COME Plaintiffs, by and through their undersigned counsel, and move the Court to clarify the order of February 13, 2017 dismissing the case. In support of their motion, Plaintiffs state as follows:

1. On February 13, 2017, the Court entered a Memorandum Opinion and Order in this matter. Doc. 50.

2. The order granted defendants' motions to dismiss. Doc. 50 at 31.

3. Similarly, the minute entry that gave notice of the order stated that defendants' motions to dismiss were granted and that the civil case was terminated. Doc. 49.

4. Neither document indicated whether the plaintiffs' claims were dismissed with prejudice.

5. Plaintiffs understand the Court's order to constitute a dismissal of the action with prejudice, as Rule 41(b) indicates that an involuntary dismissal, including a dismissal for failure to state a claim under Rule 12(b)(6), constitutes an adjudication on the merits unless the Court

1

states otherwise. Fed. R. Civ. P. 41(b); *see also Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993).

6. However, the Clerk did not promptly set out judgment in a separate document, such as an AO Form 450, pursuant to Rule 58.

7. Though the Seventh Circuit has suggested that "that some minute entries might satisfy the 'separate document' requirement," *Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 361 (7th Cir. 2009), it has also indicated that this approach is disfavored, that it is in conflict with the rule in other circuits, and that it might overrule the case law suggesting that it is sufficient, *Brown v. Fifth Third Bank*, 730 F.3d 698, 700-01 (7th Cir. 2013).

8. Thus, Plaintiffs are at risk of having any appeal dismissed for lack of jurisdiction should the Seventh Circuit follow through on this suggestion. *See, e.g., Transit Mgmt. of Southeast La., Inc. v. Group Ins. Admin.*, 226 F.3d 376, 382 (5th Cir. 2000) (dismissing an appeal as premature because, *inter alia*, a minute entry does not satisfy Rule 58's "separate document" requirement).

9. Moreover, the Seventh Circuit has encouraged litigants to seek clarification in the district court prior to filing an appeal in these circumstances. *Perry*, 585 F.3d at 362.

10. If the Court has in fact dismissed the case with prejudice, Plaintiffs ask that the Court direct the Clerk to enter judgment consistent with the Court's order and Rule 58.

11. If the Court's order was without prejudice, Plaintiffs request that the Court clarify that result.

WHEREFORE, Plaintiffs respectfully request that the Court clarify whether its previous order constituted a final, appealable judgment.

Dated: March 6, 2017						Respectfully submitted,

										 s/ Sean Morales-Doyle
										One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Sean Morales-Doyle
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511